UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jonathan Andrew Perfetto

   v.                                            Civil No. 14-cv-481-JD

New Hampshire Department of
Corrections Commissioner and
New Hampshire State Police

**REPORT AND RECOMMENDATION**

Jonathan Perfetto has filed a Complaint (doc. no. 1), pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Fourteenth Amendment and the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601 et seq. ("PREA").  The complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

**Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723

F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

Perfetto alleges that in September and October 2008, he was incarcerated at the Northern New Hampshire Correctional Facility ("NCF"). On September 2 and 3, 2008, Perfetto was sexually assaulted by his cellmate. Perfetto reported the sexual assault to prison officials.

On October 22, 2008, several days after reporting the sexual assault, Perfetto was released from prison, having served his maximum sentence. After his release, Perfetto met with and was interviewed by law enforcement officers concerning the sexual assault. The interviewing officers concluded that the alleged sexual assault was consensual, as Perfetto had admitted to being a sex addict during his interview with the officers.

On May 1, 2009, Perfetto was arrested and charged with making a false report of sexual assault against his cellmate. At the time he was charged, Perfetto was subject to the imposition of a suspended 14-28 year sentence. Perfetto entered into a negotiated plea agreement in which he pleaded nolo contendere to a misdemeanor false report and received a one year

jail term, in exchange for which the prosecutor apparently agreed not to seek imposition of the suspended sentence at that time. Perfetto served twelve months in jail and was released.

## Discussion

### I. PREA Violation

Perfetto alleges that defendants' actions violated his rights under PREA. PREA does not provide Perfetto with a private right of action. See Morissette v. Superintendent of MCI Cedar Junction, No. 14-10246-DJC, 2014 WL 3896722, *3 (D. Mass. Aug. 7, 2014) (PREA does not create a private right of action). Accordingly, Perfetto's claims based upon any violation of PREA should be dismissed.

### II. False Arrest/Malicious Prosecution

Perfetto asserts that defendants violated his Fourteenth Amendment rights by charging him with, and then arresting and prosecuting him for, making a false report of sexual assault. Perfetto also states, however, that he entered a plea to that offense, which resulted in a conviction that does not appear to have been vacated or overturned. Perfetto cannot bring a § 1983 action for damages for his unlawful arrest, prosecution, or conviction, however, where, as here, a decision in his favor

would "'necessarily imply' the invalidity of his conviction.'" Skinner v. Switzer, 131 S. Ct. 1289, 1298 (2011) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Accordingly, Perfetto cannot state a claim for damages under § 1983 challenging his arrest, prosecution, or conviction for making a false report, and his Fourteenth Amendment claims should be dismissed.

### III. Statute of Limitations

Section 1983 cases borrow the relevant limitations period applied in personal injury cases in the state where the claim arose. See Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010). In New Hampshire, that period is three years. Id.; see also N.H. Rev. Stat. Ann. ("RSA") § 508:4. "Section 1983 claims generally accrue when the plaintiff knows, or has reason to know of the injury on which the action is based, and a plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt." Gorelik, 605 F.3d at 122. Here, Perfetto alleges wrongful acts that took place in 2008 and 2009, and more than three years passed between those acts and the October 27, 2014, filing of this action. Nothing in the complaint indicates that any extraordinary circumstances are present in this case for

4

which the limitations period should be equitably tolled. Accordingly, all of the claims in the complaint are time-barred.

## Conclusion

For the foregoing reasons, the court recommends that this action be dismissed in its entirety. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

                              Andrea K. Johnstone
                              United States Magistrate Judge

January 5 , 2015

cc:   Jonathan Andrew Perfetto, pro se